DOCKET NO. 138

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUN 13 1973

IN RE VIATRON COMPUTER SYSTEMS CORPORATION SECURITIES LITIGATION

ORDER

It appearing that all parties to the actions listed on the attached Schedule A agree on the desirability of transferring the action pending in the Southern District of New York to the District of Massachusetts for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions pending in that district before the Honorable Joseph L. Tauro and the Panel, having found, upon the basis of the complaints, the papers submitted and the hearing held, that these actions involve common questions of fact and that transfer would serve the convenience of the parties and witnesses and further the just and efficient conduct of the litigation,

IT IS ORDERED that the action on the attached Schedule A pending in the Southern District of New York be, and the same hereby is, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
Alfred P. Murrah
Chairman

SCHEDULE A

DOCKET NO. 138

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| David S. Stewart, et al. v. Edward M. Bennett, et al. | Civil Action No. 71-3022-T |
| Channing Securities, Inc. v. Shields & Co., Inc. | Civil Action No. 72-3375-T |

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jules Sanders, et al. v. Edward M. Bennett, et al. | Civil Action No. 73 Civ. 780 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 13 1978

12/13/78

In re Viatron Computer Systems )
Corporation Securities Litigation )
) DOCKET NO. 138
American General Shares, Inc. v. )
Rockwell Corp., et al., S.D.N.Y., )
C.A. No. 75 Civ 5668 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

The Panel, pursuant to 28 U.S.C. §1407, previously centralized this group of actions in the District of Massachusetts and assigned the actions to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings. In re Viatron Computer Systems Corporation Securities Litigation, MDL No. 138 (J.P.M.L., filed June 13, 1973) (unpublished transfer order). The actions in the transferee district were brought as individual or class actions on behalf of purchasers of common stock or subordinated debentures of Viatron Computer Systems Corporation (Viatron). Defendants in one or more of the actions include individual officers and directors

---

\* Judge Weinfeld took no part in the decision of this matter.

of Viatron; Viatron's accountants; Shields and Co., Inc. (Shields), allegedly the principal underwriter of Viatron common stock and debenture offerings; other underwriters of Viatron offerings; and two suppliers of computer parts to Viatron. The claims in these actions concern allegedly false statements and omissions of material information in connection with, inter alia, a 1969 Viatron debenture offering.

The above-captioned action (New York action) was commenced in 1975 by American General Shares, Inc. (American), the successor in interest to Channing Securities, Inc. (Channing).[1] Defendants are Shields and the two Viatron suppliers which are named as defendants in the actions in the transferee district. The claims in the New York action concern allegedly false statements and omissions of material information in connection with, inter alia, the same 1969 Viatron debenture offering that is at issue in the actions in the transferee district. American seeks to represent a class of purchasers of those 1969 Viatron debentures.

On August 9, 1976, Judge Marvin E. Frankel entered an order staying all proceedings in the New York action on the following terms:

---

[1] Channing was a purchaser of a number of Viatron debentures and is the named plaintiff in two of the actions in the transferee district. In addition, American was allowed to intervene as a plaintiff in a third action in the transferee district.

    1.  All pretrial discovery activities and other proceedings taken and conducted by any party in the Boston actions shall be deemed to have been taken also in the New York action, subject to the rights of the parties under the Federal Rules of Civil Procedure and Rules of Evidence.

    2.  Subject to a final order transferring this case to the District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings pursuant to [Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567-68 (1978)], all further proceedings herein, including the filing of answers or other responsive pleadings by the defendants, are hereby stayed pending the final determination of the Boston actions.

    3.  In the event that the case is transferred pursuant to [Panel] Rule 9, the stay of pretrial proceedings in this action is vacated and further pretrial proceedings shall be subject to the direction of the transferee judge.

In a letter dated August 24, 1978 addressed to the clerk of the Panel, with copies to all parties, Shields made the following statement concerning the New York action:

    Developments since the date of Judge Frankel's order indicate the advisability of transferring [the New York action] to the District of Massachusetts. Since that date Shields and the other underwriter defendants have reached agreement in principle with the plaintiff in this action and the plaintiffs in the already consolidated actions to settle and dismiss the claims against the underwriters in these litigations. (The non-underwriter defendants would remain in the actions.) The underwriters and the plaintiffs expect to submit the appropriate settlement papers to the court in the near future. Settlement will be greatly expedited and simplified if all the actions are pending in one forum.

The Panel, pursuant to Rule 10(b), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978), subsequently ordered the parties to show cause why the New York action should not be transferred to the District of Massachusetts for inclusion in the coordinated or consolidated pretrial proceedings pending there. Shields and American favor transfer. Arthur D. Little, Inc., one of the Viatron suppliers which is named as a defendant in the New York action and in an action in the transferee district, opposes transfer. No other party has responded. Under Panel Rule 8(b), id. at 567, the non-responding parties are treated as acquiescing to the Panel action contemplated in the show cause order.

We find that the New York action involves common questions of fact with the actions in the transferee district and that transfer of the New York action to the District of Massachusetts for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[2]

Little admits that the claims in the New York action duplicate claims already involved in the transferee district, but denies that this identity of issues is sufficient

---

[2] All parties waived their right to oral argument and therefore this matter was submitted for decision on the basis of the papers filed. See Rule 14, R.P.J.P.M.L., 78 F.R.D. 561, 572 (1978).

to justify transfer. The real reason that Shields favors transfer, Little contends, is the convenience that would accrue to Shields if all proceedings relating to Shields' anticipated settlement are conducted in one district. This is an insufficient reason to justify transfer, Little asserts, since the provision in Judge Frankel's stay order that "all pretrial discovery activities and other proceedings taken and conducted by any party in the Boston actions shall be deemed to have been taken also in the New York action," and principles of res judicata, would be sufficient to ensure the applicability to the New York action of any settlement as to Shields in the transferee district. Little argues that transfer would merely result in substantial inconvenience to the parties and disruption of ongoing proceedings in the transferee district. When the minimal conveniences which would result to Shields from transfer are weighed against the inconveniences which would result to many other parties, the equities are against transfer, Little stresses.

We find these arguments unpersuasive. The commonality in factual issues between the New York action and the actions in the transferee district is apparent. Though Judge Frankel's stay order has operated effectively to prevent duplication of discovery and other pretrial efforts between the New York action and the actions in the transferee district, we are of the opinion that recent developments in this litigation now render transfer of the New

York action appropriate. Judge Frankel recently resigned from the bench. Rather than require a new judge to become familiar with the New York action and to determine the effect on any further proceedings in the New York action of the stay order in the New York action and the settlement proceedings in the transferee district, it would be more efficient to transfer the New York action and allow the transferee judge, who is most familiar with the nuances of this litigtion, to resolve any further pretrial issues and to conduct settlement proceedings with respect to all actions in this litigation. See In re Investors Funding Corporation of New York Securities Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed December 1, 1978) (slip opinion at 4-5).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled American General Shares, Inc. v. Rockwell Corp., et al., S.D.N.Y., C.A. No. 75 Civ 5668, be, and the same hereby is, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Joseph L. Tauro for coordinated or consolidated pretrial proceedings with the actions pending there.